**RANDALL, Plaintiff-Appellant, v. COLUMBUS TRANSIT CO., Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5760. Decided April 29, 1958.

William H. Brooks, John W. E. Bowen, Columbus, for plaintiff-appellant.

Porter, Stanley, Treffinger & Platt, Bruce G. Lynn, Samuel H. Porter, Columbus, for defendant-appellee.

## OPINION

Per CURIAM.

This is a law appeal. The plaintiff, appellant herein, had brought suit in the Common Pleas Court of Franklin County for injuries which she claimed were caused by the negligence of the defendant, appellee herein, Columbus Transit Co.

In its defense appellee produced Exhibit No. 17, which was a casting from the Tuller Equipment Company, and which, some of the evidence shows, was the same size and type as a casting which was seen to fall from a truck on the date of the accident and shortly before the bus struck said casting. There was no positive evidence that Exhibit 17 was the same casting, but there was considerable evidence that it was the same type of casting as that which fell from the truck on West Goodale Street.

Exhibit 18 consisted of two bills of lading and a packing list furnished by the Tuller Equipment Company to show that a certain counterbalance was missing upon delivery.

Exhibits 19, 20, and 21 were photographs taken in the presence of a Mr. Gordon of the appellee company by a photographer who had deceased before the case was tried. These photographs, the testimony shows, were taken at the garage of the appellee company a few days after the accident.

Appellant claims, as her first assignment of error, that admission of these exhibits was improper and prejudicial to her rights. The chief complaint was the lack of positive proof that this was the same, identical casting as the one which caused the bus to be deflected from the street into the utility pole.

Considering all the evidence, it is our opinion that the questions raised here by the appellant, and earlier in the trial court, reflect upon the weight rather than the admissibility of Exhibit 17. If Exhibit 17 can be said to be properly admitted into evidence, then it follows that Exhibits 18, 19, 20, and 21 had sufficient connection with Exhibit 17, based upon the evidence in the case, to make these other four exhibits properly admitted.

There is no dispute that an object fell from a truck in front of the bus upon which appellant was riding, and there was sufficient evidence connecting all of the chain of events that followed, which would make it proper for the jury to at least consider the exhibits which the court admitted into evidence. The jury was entitled to weigh the conflicting evidence in considering the liability or nonliability of the appellee.

We find no error in the admission of the exhibits set forth in the first assignment of error; and, as a consequence thereof, assignment of error No. 2, wherein an error is claimed in the overruling of appellant's motion for a new trial, is likewise not well taken. The ground for the second assignment of error is based upon the alleged prejudicial error claimed in the first assignment.

We conclude that no error was committed prejudicial to the rights of the appellant in the trial of the case in the Common Pleas Court; that the trial court correctly overruled the motion for a new trial; and that its judgment should be affirmed.

Judgment affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.